UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DERRICK D. PARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-743-J |
| | ) |
| JUDGE PERRY HUDSON, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff, appearing pro se and in forma pauperis, filed a Complaint under 42 U.S.C. § 1983 against fifteen Defendants. [Doc. No. 1]. The matter was referred for initial proceedings to United States Magistrate Judge Shon T. Erwin consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Erwin screened the Complaint and issued a Report and Recommendation recommending dismissal without prejudice on grounds that Plaintiff had failed to (1) allege sufficient facts to state a valid claim for relief under the Fourth Amendment and (2) specify what each named Defendant did to violate Plaintiff's constitutional rights. [Doc. No. 15]. Plaintiff timely objected,[1] but rather than challenge the Report and Recommendation, he attempted to cure the deficiencies. [Doc. No. 19].

A proper objection to a Report and Recommendation triggers the Court's de novo review. *See* Fed. R. Civ. P. 72(b)(3). However, an objection is only "proper" if it is both timely and specific so that it "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). Plaintiff's objection does not challenge Judge Erwin's basis for recommending

---

[1] Judge Erwin originally gave Plaintiff until January 2, 2025 to object. [Doc. No. 15]. However, the Court discovered that the Report and Recommendation had been returned as undeliverable because it lacked the correct inmate number. The Court resent the document and extended Plaintiff's objection deadline to February 3, 2025. [Doc. No. 18].

dismissal, and thus the Court declines to apply a de novo review. *See Jones v. Dish Network Corp.*, No. 22-CV-00167-CMA-STV, 2023 WL 2796943, at *17 (D. Colo. Jan. 31, 2023) ("A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for de novo review."), *adopted*, 2023 WL 2644081 (D. Colo. Mar. 27, 2023); *see also Santistevan v. Stegink*, No. 15-CV-00198-RM-KMT, 2016 WL 1388018, at *1 (D. Colo. Apr. 8, 2016) ("A party is entitled to a de novo review of [only] those portions of the report and recommendation to which specific objection is made.").

With that, the Court ADOPTS the Report and Recommendation in part and DECLINES TO ADOPT the Report and Recommendation in part. Specifically, the Court finds that Judge Erwin accurately noted the conclusory nature of Plaintiff's allegations, and the Court ADOPTS his conclusion that Plaintiff failed to state a valid claim for relief against any named Defendant. However, it would be an abuse of discretion for the Court to dismiss Plaintiff's Complaint without either granting leave to amend or addressing whether the defects in it could be cured by amendment. *See Johnson v. Whitney*, 723 F. App'x 587, 594 (10th Cir. 2018); *see also Gee v. Pacheco*, 627 F.3d 1178, 1182, 1195 (10th Cir. 2010) ("[D]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." (cleaned up)). Here, Judge Erwin's recommendation implies that the defects could be cured, and indeed, Plaintiff has attempted to cure the deficiencies; accordingly, the Court DECLINES TO ADOPT the recommendation to dismiss the Complaint.

Instead, Plaintiff is granted leave to amend within twenty-one days, or no later than February 26, 2025. Plaintiff is cautioned that any amendment will supersede his original complaint and thus he must include all parties, allegations, and factual support. Plaintiff should also be

3

mindful of Judge Erwin's findings and must include sufficient factual support to explain "*who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

IT IS SO ORDERED this 5th day of February, 2025.

*[signature]*

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE