UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DERRICK D. PARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-743-J |
| | ) |
| JUDGE PERRY HUDSON, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff, appearing pro se and in forma pauperis, filed a Complaint under 42 U.S.C. § 1983 against fifteen Defendants. [Doc. No. 1]. The matter was referred for initial proceedings to United States Magistrate Judge Shon T. Erwin consistent with 28 U.S.C. § 636(b)(1)(B), (C). Thereafter, Plaintiff filed a Second Amended Complaint. (Sec. Amend. Compl.) [Doc. No. 37]. Judge Erwin has screened that pleading and recommends dismissal without prejudice. (Rep. & Rec.) [Doc. No. 41]. Plaintiff timely objected, triggering de novo review. (Pl.'s Obj.) [Doc. No. 44]. As discussed below, the Court sua sponte DISMISSES Plaintiff's Second Amended Complaint in part and ADOPTS Judge Erwin's recommendation in part.

**I.   Background**

Plaintiff's allegations stem from two Oklahoma County District Court cases: CF-2023-610 and CF-2023-2301. *See* Sec. Amend. Compl. at 2. In Case No. CF-2023-610, Plaintiff was charged with aggravated trafficking of fentanyl and unlawful possession of a controlled dangerous substance with intent to distribute, both allegedly occurring on January 25, 2023.[1] However, on

---

[1] *See* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CF-2023-610&cmid=4162817 (last accessed on July 2, 2025).

August 23, 2024, both charges were dismissed.[2] In Case No. CF-2023-2301, Plaintiff was charged with drug trafficking fentanyl and acquiring proceeds from drug activity, both allegedly occurring on May 11, 2023.[3] The charge for acquiring proceeds from drug activity was dismissed, but Plaintiff pleaded guilty to drug trafficking fentanyl on August 23, 2024.[4]

Related to Case No. CF-2023-610, Plaintiff alleges that Oklahoma City Police Sgt. Rivera provided false information to obtain a search warrant, and no testimony or other evidence was recorded to support the search warrant. Plaintiff alleges that in this process (1) Oklahoma County District Court Judges Hudson and Savage, (2) Oklahoma County Assistant District Attorneys Hartman, McMinn, and Pilcher, and (3) Oklahoma City Police Officers Rivera, McCullum, Harmon, McMackin, and Congilione violated his Fourth Amendment rights. *See id.* at 2-3. Plaintiff also alleges that Defendants Rivera, McCullum, and Congilione violated the Sixth Amendment's Confrontation Clause when they denied him the right to face his accusers. *See id.* at 6.

As to Case No. CF-2023-2301, Plaintiff alleges that Oklahoma City Police Officers Head, Hatcher, Barnes, and Cash provided false information to secure a false arrest, resulting in (1) Defendants Hudson and Savage, (2) Oklahoma City Police Officer Martin, (3) Defendants Hartman, McMinn, and Pilcher, (4) private attorney Miskel, and (5) Oklahoma County Assistant Public Defender Patterson all violating Plaintiff's Fourth Amendment rights. *See id.* at 3-4. More specifically, Plaintiff alleges no "72-hour radio arrest warrant" was recorded and no search warrant was issued. *See id.* at 4-5. Plaintiff also alleges that Defendants Barnes, Cash, and Oklahoma City

---

[2] *See id.*

[3] *See* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CF-2023-2301&cmid=4196490 (last accessed July 3, 2025).

[4] *See id.*

Police Officer Waugh violated the Confrontation Clause when they denied him the opportunity to face his accusers. *See id.* at 6-7.

Related to both cases, Plaintiff alleges that Defendant Pilcher denied him a speedy trial when she failed to provide discovery within ten days before trial. *See id.* at 5.

## II.    Analysis

### A.    Sua Sponte Dismissals

Before addressing Judge Erwin's findings, the Court sua sponte DISMISSES Plaintiff's claims arising from Case No. CF-2023-2301, including those against Defendants Head, Hatcher, Barnes, Waugh, Cash, Martin, Miskel, and Patterson, and all claims against Defendants Hudson, Savage, Hartman, McMinn, and Pilcher.

#### 1.    Claims Arising from CF-2023-2301

Under *Heck v. Humphrey*, 512 U.S. 477, 489-490 (1994), an individual who has been convicted of an offense may not bring a § 1983 claim challenging conduct related to his prosecution or conviction if succeeding on his claim would necessarily imply the invalidity of his conviction. Specifically,

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486-487.

Here, Plaintiff pleaded guilty to drug trafficking fentanyl on August 23, 2024 and that conviction has not been overturned.[5] As such, Plaintiff cannot proceed with claims implicating

---

[5] The state court recently denied Plaintiff's application to withdraw his guilty plea, and he has appealed to the Oklahoma Court of Criminal Appeals. *See supra*, note 3.

his Fourth or Sixth Amendment rights. *See Murphy v. Willmore*, 752 F. App'x 653, 655-56 (10th Cir. 2018) (affirming the district court's dismissal of plaintiff's claims that officers and state prosecutors violated his constitutional rights, including rights under the Confrontation Clause, as premature under *Heck*); *Glaser v. City & Cnty. of Denver, Colo.*, 557 F. App'x 689, 701 (10th Cir. 2014) ("To the extent Glaser alleges that defendants deprived him of his right to a speedy and fair trial . . . a judgment in his favor on these allegations would necessarily imply the invalidity of his conviction"); *Bailey v. Silver*, 552 F. App'x 818, 820 (10th Cir. 2014) (affirming the district court's finding that *Heck* barred plaintiff's allegation that "the search warrant was invalid because Brewington and Newell improperly prepared the affidavit using false information"). Accordingly, these claims are DISMISSED without prejudice. Because Defendants Head, Hatcher, Barnes, Waugh, Cash, and Martin are named as Defendants only in reference to alleged violations in Case No. CF-2023-2301, *see* Sec. Amended Compl. at 3-4, 6, they are also DISMISSED without prejudice.

The Case No. CF-2023-2301 claims involving Miskel and Patterson are DISMISSED with prejudice,[6] as neither Plaintiff's private attorney (Miskel) nor his public defender (Patterson) may be sued under 42 U.S.C. § 1983. *See Fishinghawk v. Kissinger*, 764 F. App'x 827, 828 (10th Cir. 2019) ("[D]efendant Jackson, as Mr. Fishinghawk's attorney, whether public or private, was not a state actor for purposes of § 1983 and thus was not subject to suit under that statute.").

### 2. Defendants Hudson and Savage

Citing both Case Nos. CF-2023-610 and CF-2023-2301, Plaintiff sues Oklahoma County Judges Hudson and Savage for conduct related to their judicial offices. But judges are entitled to

---

[6] It appears that Plaintiff's allegations against Defendants Miskel and Patterson are limited to Case No. CF-2023-2301. To the extent that they are not, this ruling also applies to any allegation under Case No. CF-2023-610.

absolute judicial immunity for actions taken in their judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978); *see also Richey v. Goodwin*, No. CIV-25-719-R, 2025 WL 1851566, at *1 (W.D. Okla. July 2, 2025). For that reason, all of Plaintiff's allegations against Defendants Hudson and Savage are DISMISSED with prejudice. *See Gottorff v. Michelich*, No. 24-1416, 2025 WL 1482719, at *3 (10th Cir. May 23, 2025) (affirming the district court's dismissal, with prejudice, of claims against state judges based on actions taken in their judicial roles).

### 3.    Defendants Hartman, McMinn, and Pilcher

Plaintiff also sues Oklahoma County Assistant District Attorneys Hartman, McMinn, and Pilcher for conduct occurring in Case Nos. CF-2023-610 and CF-2023-2301. However, "[p]rosecutors are absolutely immune from civil liability for damages for acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Stein v. Disciplinary Bd. of Supreme Ct. of NM*, 520 F.3d 1183, 1193 (10th Cir. 2008) (cleaned up).

Here, these prosecutors allegedly violated Plaintiff's constitutional rights while securing a search warrant and advocating for excessive bail and Defendant Pilcher allegedly denied Plaintiff's constitutional rights to a speedy trial when she failed to give timely discovery. But these acts all relate to a prosecutor's duties in a criminal case and thus "fall within the scope of their duties as advocates." *Serpik-Fam. v. Webb*, No. CIV-25-02-R, 2025 WL 1726316, at *6 (W.D. Okla. June 20, 2025) (granting prosecutors absolute immunity for allegedly initiating criminal charges without probable cause and committing discovery violations). As such, they are entitled to absolute prosecutorial immunity and the claims against them are DISMISSED with prejudice.

**B.     Judge Erwin's Findings and Recommendations**

The holding above leaves only Plaintiff's claims involving Case No. CF-2023-610 and Defendants Rivera, McCullum, Harmon, McMackin, and Congilione. As noted, Plaintiff accuses Defendant Rivera of providing false information to obtain a search warrant and Defendants McCollum, Harmon, McMackin, and Congilione of allegedly witnessing and/or authorizing this conduct. *See* Sec. Amend. Compl. at 2. Plaintiff further complains that these officers failed to provide the state court with a confidential informant statement or evidence of serial numbers, size of bills, or scientific tests of the fentanyl pills to support the search warrant. *See id.* at 3, 9. Finally, these officers allegedly denied Plaintiff his rights under the Sixth Amendment's Confrontation Clause. *See id.* at 6.

On review, Judge Erwin found Plaintiff's allegations conclusory and/or unable to state a valid claim for relief.

First, Judge Erwin noted that Plaintiff had failed to describe what information in the search warrant affidavit was false. *See* Rep. & Rec. at 5. In his objection, Plaintiff appears to meld his allegations, arguing that the search warrant affidavit was false because Defendant Rivera failed to provide "all evidence" – i.e., a confidential informant's statement or tests proving the pills purchased in the controlled buy were fentanyl. *See* Pl.'s Obj. at 3. But missing is any description of *false* evidence, *see id.*, *passim*, and Defendant Rivera's affidavit described (1) the property to be searched, (2) the confidential informant's statement and role in the controlled buy, and (3) a field test showing that blue pills purchased from Defendant were positive for fentanyl. *See id.*, Ex. 2. This was sufficient. *See Koch v. City of Del City*, 660 F.3d 1228, 1239 (10th Cir. 2011) ("Probable cause exists where the facts and circumstances within the arresting officer's knowledge and of which [the officer] had reasonably trustworthy information are sufficient in themselves to

warrant a person of reasonable caution to have the belief that an offense has been or is being committed by the person to be arrested." (cleaned up)).

Having engaged in de novo review, the Court agrees with Judge Erwin that Plaintiff's allegations involving *false* information in the probable cause affidavit are conclusory and ADOPTS the recommendation to dismiss the claims against Defendants Rivera, McCollum, Harmon, McMackin, and Congilione. Additionally, the Court DISMISSES Plaintiff's claims that the search warrant was invalid because the officers failed to provide additional evidence to support the probable cause affidavit. These claims are dismissed without prejudice.

Judge Erwin also found conclusory Plaintiff's claims that Defendants Rivera, McCollum, Harmon, McMackin, and Congilione violated his Sixth Amendment rights under the Confrontation Clause. *See* Rep. & Rec. at 10-11. In response, Plaintiff claims that the violation occurred on July 21, 2023, *see* Pl.'s Obj. at 16, 21-22, which is the date of Plaintiff's preliminary hearing in Case No. CF-2023-610. *See supra* at 1, note 1. But Plaintiff fails to explain *how* these individuals violated the Confrontation Clause, and more importantly, "the Confrontation Clause does not apply to pretrial hearings." *United States v. Rosenschein*, 474 F. Supp. 3d 1203, 1207 (D.N.M. 2020) (collecting cases). Accordingly, the Court ADOPTS Judge Erwin's recommendation and DISMISSES Plaintiff's Confrontation Clause claims against Defendants Rivera, McCollum, Harmon, McMackin, and Congilione but with prejudice.

### III. Conclusion

Having conducted a de novo review of Plaintiff's Second Amended Complaint, the Report and Recommendation, and Plaintiff's Objection, the Court finds that Plaintiff has failed to state any valid claim for relief against any named Defendant and DISMISSES the Second Amended Complaint. Specifically, the Court sua sponte DISMISSES the claims arising from Case No. CF-

2023-2301, including those against Defendants Head, Hatcher, Barnes, Waugh, Cash, and Martin, without prejudice. The related claims against Defendants Miskel and Patterson are DISMISSED with prejudice. The Court also sua sponte DISMISSES, with prejudice, Plaintiff's allegations against Defendants Hudson, Savage, Hartman, McMinn, and Pilcher.

The Court also ADOPTS Judge Erwin's recommendations and DISMISSES Plaintiff's allegations arising from Case No. CF-2023-610 and including Defendants Rivera, McCullum, Harmon, McMackin, and Congilione. The claims involving Plaintiff's Fourth Amendment rights are DISMISSED without prejudice; however, his allegations against these Defendants arising under the Sixth Amendment's Confrontation Clause are DISMISSED with prejudice.

Plaintiff's second motion for leave to proceed in forma pauperis [Doc. No. 34] is DENIED as moot.[7]

A separate judgment will enter.

IT IS SO ORDERED this 14th day of July, 2025.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE

---

[7] The Court granted Plaintiff permission to proceed in forma pauperis on November 7, 2024. [Doc. No. 13]. It is unclear why Plaintiff filed a second motion.